[Civ. No. 4235. First Appellate District, Division One.—July 5, 1922.]

DOMENICO VERGANO, Respondent, v. PAUL DENIS, Appellant.

[1] PERSONAL SERVICES—CONTRACT—PAYMENTS—EVIDENCE.—In this action to recover an alleged balance due for services, the findings as to the terms of the contract under which the services were rendered and as to the nature of payments made to the plaintiff are supported by the evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge. Modified.

The facts are stated in the opinion of the court.

Clay A. Pedrazzini for Appellant.

Harry I. Stafford for Respondent.

PREWETT, J., *pro tem.*—This is an action to recover from the appellant an alleged balance due to the respondent for labor. The record discloses that the appellant was the owner of a restaurant, which he contracted to sell to the respondent for fifteen hundred dollars, of which sum five hundred dollars was then and there paid in cash. It was further stipulated that either party might withdraw from the contract within two months—the appellant by returning the five hundred dollars initial payment and the respondent by simply withdrawing and forfeiting his payment. The parties did not enter into partnership, but they agreed to do so, if the sale was finally consummated, and in that event they were to have been partners from the beginning, so far, at least, as concerns the profits and losses.

The respondent entered the restaurant and for the period of two months and a little over he devoted his time and services to the business. It was agreed that each party should draw down during the two months two hundred dollars a month as "expenses." The appellant does not dispute that each was to draw down two hundred dollars per

month, but he testifies that the two hundred received by the respondent was to be by way of compensation to him for his services. The court resolved this conflict in favor of the respondent, and under a familiar rule this court is bound by the finding. The respondent further testified that it was agreed that, in the event that the appellant withdrew from the contract, he, the respondent, was to be compensated for his services by receiving one-half the profits of the business during the period. The appellant denied the existence of such an arrangement and the court found against him thereon. The matter does not rest entirely upon the unsupported testimony of the respondent. The appellant returned the five hundred dollars payment to the respondent and when he did so he added to it the sum of one hundred dollars. This sum of one hundred dollars was not due at all unless it was paid as a recognition of the claim of the respondent to one-half the profits as his compensation. Furthermore, the appellant a few days after returning the five hundred dollars destroyed his books of account showing the amount of profits. The respondent had seen them previous to their destruction and had learned that the profits were about fifteen hundred dollars. There was abundant evidence to sustain the finding of the trial court. But it seems that the court erroneously failed to credit the appellant with the one hundred dollars overpayment. No reason is apparent why he should not have credit for this.

The respondent is made to say, by means of an affirmative answer to a question on cross-examination, that he accepted the six hundred dollars (being the five hundred dollar return of advance payment and the extra one hundred dollars) "in full payment," but a transcript of his testimony on this point shows clearly that he did not intend to say that it was accepted in full payment for both the return payment of five hundred dollars and his claimed compensation.

The following is a transcription from the record:

"Q. Mr. Vergano, did you not at that time accept the six hundred dollar check which was given to you that day from Mr. Denis in full payment of what was coming to you? A. Yes.

"Q. You did? A. Yes, I received it; yes.

"Q. Very well. Then during the time that you were working there for Mr. Denis, you had received regularly the sum of two hundred dollars a month, is that right? A. Both of us.

"Q. I mean you had. A. Yes, sir.

"Q. Very well. Now, did you not have an agreement with Mr. Denis whereby you were to receive two hundred dollars a month for your wages? A. No."

It is apparent from this examination that the respondent did not intend to admit that he accepted the six hundred dollars in full of all demands.

[1] On the whole it must be held that the findings of the trial court are fully sustained by the evidence, save as to the item of one hundred dollars.

If the respondent shall file herein within thirty days his stipulation that the judgment may be reduced in the sum of one hundred dollars the judgment as thus modified is affirmed; otherwise the judgment is reversed.

Tyler, P. J., and Richards, J., concurred.